### E. F. HOUGHTON & Co. *v.* UNITED STATES

**No. 4983.**—Invoice dated Hagen-Haspe, Germany, July 16, 1938.
Entered at New York July 27, 1938.
Entry No. 710717.

(Decided July 24, 1940)

*Puckhafer, Rode & Rode (George J. Puckhafer* of counsel) for the plaintiffs.
*Webster J. Oliver*, Assistant Attorney General (*Frank. E. Carstarphen*, special attorney), for the defendant.

KEEFE, Judge: This reappraisement brought by the importers involves 183 drums of "pipe preventing powder (material 150; founders dust)" imported from Germany. The net weight of the material is shown upon the invoice as 61,948 pounds, and the price is $1.8031 per 100 pounds, f. o. b. Rotterdam, plus packing $15.69, plus cost of drums $311.10, including nondutiable charges of $177.47. Entry was made at the same value less nondutiable charges. The merchandise was appraised upon the basis of the cost of production at

11.84 reichsmarks per 100 kilos, packed, net weight, less drums, separately dutiable at 3 reichsmarks per piece.

At the trial the importers introduced an affidavit of E. Allan, director of W. E. Cox & Co., Ltd. of Sheffield, England, wherein it is stated that the material ordered from them was actually supplied by L. A. Plewnia of Germany, on behalf of his company, because of the heavy demand for the material in England at the time the merchandise was ordered; that the production costs at the German works were practically identical with the costs in England, which were $37.50 per ton c. i. f. British or Dutch port in sacks, and in drums $47.50 per ton, which price represented a fair market value for such quantity.

The examiner of merchandise testified that he investigated the market of this material in Germany and in England; that in Germany the material in question was not sold for home consumption and it was appraised upon the basis of the cost of production obtained from special agents' reports admitted in evidence; that the merchandise was imported into the United States for experimental purposes and therefore there was no United States value therefor; and that a questionnaire was filled out by the importers relative to the merchandise and the importers also offered to furnish any additional data required of them.

From a careful examination of the evidence and all of the exhibits in the case we are unable to find anything sufficient to disturb the action of the appraiser in his finding of value, which is presumptively correct.

Judgment will therefore be entered in favor of the Government.